UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MICHAEL DARRINGTON,

            Petitioner,

        V.

T.S. CRAIG,

            Respondent.

**REPORT AND RECOMMENDATION**

05-CV-1498
(FJS/VEB)

---

## I. INTRODUCTION

Petitioner Michael Darrington, acting *pro se*, commenced this action seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. Petitioner is an inmate at the Federal Correctional Institution ("FCI") in Ray Brook, New York. Petitioner was convicted in the District of Columbia in 1999 of various weapons and assault charges and was thereafter sentenced to a term of imprisonment. However, Petitioner does not challenge his conviction. Instead, he contests the imposition of disciplinary segregation and loss of commissary imposed following a prison disciplinary hearing .

This matter was referred to the undersigned by the Honorable Norman A. Mordue, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and is presently before this Court for a report and recommendation. (Docket No. 12).

## II. BACKGROUND

### A.    Facts

Petitioner has been incarcerated at FCI Ray Brook since 2000.  ( Docket No. 9 at

"Exhibit A"). On March 3, 2005, Petitioner attended a parole hearing in the prison's health services building, after which, the hearing officer put a thirty-six (36) month hold on Petitioner's proposed release date. While standing in the hallway, outside of the hearing room, Petitioner was allegedly overheard to say "I would like to put a bullet in that fuc*er's head," referring to the parole hearing officer. (Docket No. 9 at "Exhibit B") (alteration added). As a result, an "Incident Report" was filed by the Chief Dental Officer, B. Dawson. A copy of the report was delivered to Petitioner the next day. (Id.).

The reporting staff member stated that Petitioner's tone of voice, wording and timing of the comment indicated that it was clearly a threat against the parole hearing officer. (Id.). Petitioner stated that he did not make that comment, rather, he said that the parole officer might just as well put a bullet in his (Petitioner's) head because the officer gave Petitioner thirty-six months on top of the seven year sentence that he already had. (Id.).

Lieutenant M.J. Boutin investigated the incident and concluded that the incident report was properly written, but that "there may be room for error on [the reporting staff member's] part since [the other staff member who was present] stated that she did not hear any comments made by Petitioner." (Id.). Therefore, the matter was referred to the Unit Disciplinary Committee ("UDC") for a hearing. (Id.).

A hearing was held on March 8, 2005 before the UDC. The UDC referred the charge to the Disciplinary Hearing Officer ("DHO") for a further hearing. The UDC instructed that if the DHO found Petitioner guilty he should lose twenty-seven (27) days of good conduct time, and sixty (60) days in disciplinary segregation. (Docket No. 9 at "Exhibit B"). Petitioner's DHO hearing was held on March 11, 2005. Petitioner waived his right to a staff representative, and his right to call any witnesses to testify in his defense by

signing a written form. (Docket No. 9 "Exhibit D").  Further, Petitioner signed a second form stating that he understood all of his rights for the hearing, including calling witnesses and having a staff representative present.  (Id. at "Exhibit E").  At the DHO hearing, the DHO referred to the incident report, the investigation, Petitioner's explanation of the events, and staff member Laura Mason's[1] written memorandum in making his determination.  (Id. at "Exhibit F").

Following the hearing, the DHO found Petitioner responsible for committing the act charged of "Threatening Another With Bodily Harm" in violation of Code 203 and imposed the sanction of thirty (30) days Disciplinary Segregation, and one hundred and eighty (180) days Loss of Visiting and Commissary Restriction. (Docket No. 9 "Exhibit F").  Thereafter, Petitioner exhausted various administrative remedies to no avail.

### B.  Federal Habeas Corpus Proceedings

Petitioner, proceeding *pro se*, commenced this action on November 30, 2005, by filing a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Docket No. 1). In his Petition, Petitioner asserts one claim for habeas relief; that the Disciplinary Hearing Officer did not follow the procedures for allowing Petitioner to have the assistance of a staff representative at his hearing.  For the reasons that follow, the Petition should be denied

### III. DISCUSSION

### A.     Federal Habeas Corpus Standard

---

[1] Staff member Laura Mason was in the parole hearing room speaking with the parole officer when the incident occurred.

To obtain a federal writ of habeas corpus, a prisoner must show that he is in custody in violation of the Constitution or laws of the United States. Habeas corpus is appropriate only for challenges to the "fact or duration" of confinement. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Peralta v. Vasquez, 467 F.3d 98, 102 (2d Cir.2006); see also, Jenkins v. Haubert, 179 F.3d 19, 22 (2d Cir.1999) (discussing habeas relief for prisoners under Preiser.).

"Prison disciplinary proceedings are not part of a criminal prosecution, [and thus] the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). While prison officials are given substantial deference in the execution of policies, see Jolly v. Coughlin, 76 F.3d 468, 476 (2d Cir.1996), a disciplinary hearing, in order to comport with due process, must provide the inmate: (1) 24 hour advance notice of the charges; (2) the opportunity to appear at the hearing, call witnesses and present rebuttal evidence; and (3) a written statement as to the evidence relied on and reasons for their decision. See Wolff, at 563-72. These requirements are also set out in 28 C.F.R. § 541.17, which governs the procedures at federal prison disciplinary hearings.

The Fourteenth Amendment's Due Process Clause protections only apply to determinations affecting the duration of confinement because an inmate's liberty interest is at risk. Wolff v. McDonnell, 418 U.S. 539 (1974). However, these protections do not apply to mere changes in the conditions of confinement. Id. at 557. A disciplinary conviction that results in the loss of good-time credits is equivalent to a loss of a "shortened prison sentence." Wolff, 418 U.S. at 556-57. Therefore, habeas corpus is the appropriate vehicle through which to challenge a disciplinary proceeding that results in the loss of good- time

4

credits. See Preiser, 411 U.S. at 500 (holding that § 2254 is the "sole remedy for a prisoner's challenge to revocation of good-time credits").

However, absent a loss of good time credits, a petitioner cannot challenge the denial of prison privileges such as commissary or telephone use. See Homen v. Hasty, 229 F.Supp.2d 290, 295 (S.D.N.Y. 2002).

### B.   Petitioner's Claims

As set forth above, Petitioner asserts the "hearing officer did not follow the procedures for allowing the petitioner to have the assistance of a staff representative." (Docket No. 1 at 6)[2]. Petitioner asserts that he was informed of his right to have a staff representative assist him in the hearing, and that he requested a staff representative, but that no staff representative was ever assigned to him prior to the hearing. (Id. at 8). Petitioner contends that he and his staff representative would have sought to interview prison staff member Laura Mason, as well as the parole hearing officer, with the intention of calling one or both to testify at the disciplinary hearing. Petitioner's claims fail for the following reasons.

First, the disciplinary determination under attack did not affect the duration of Petitioner's confinement. As set forth above, Petitioner received the sanction of thirty (30) days Disciplinary Segregation, and one hundred and eighty (180) days Loss of Visiting and Commissary Restriction. (Docket No. 9 "Exhibit F"). As such, this sanction was merely a

---

[2]In Petitioner's Traverse, he additionally asserts that the findings of the disciplinary hearing were "arbitrary and capricious and not substantiated with sufficient evidence to support the finding." (Docket No. 10 at 3). Petitioner also moves for summary judgment in his Traverse. See (Id.). However, as set forth in this discussion, because Petitioner can show no affect to his duration of confinement as a result of the disciplinary determination stemming from the disciplinary hearing, he fails to set forth any basis for habeas relief, and any claim with respect to the hearing is irrelevant to these proceedings.

change in Petitioner's condition of confinement and not a violation of a protected liberty interest.  Thus, Petitioner cannot state a claim upon which relief can be granted in his case, as there was no change in confinement.  Therefore, no habeas relief can be granted in light of the sanctions imposed.  See Homen, 229 F.Supp.2d at 295.

### IV. CONCLUSION

For the reasons stated above, the Court recommends that Michael Darrington's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be denied and that the Petition be dismissed.  Because Petitioner has failed to make a substantial showing of a denial of a constitutional right, I recommend that a certificate of appealability not issue.  See 28 U.S.C. § 2253(c)(2) (1996).

Respectfully submitted,

Victor E. Bianchini
United States Magistrate Judge

DATED:   August 15, 2008

Syracuse, New York

## V. ORDERS

Pursuant to 28 USC §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as NDNY Local Rule 72.1(c).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and NDNY Local Rule 72.1(c).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material *which could have been, but were not*, presented to the Magistrate Judge in the first instance. See <u>Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F.2d 985 (1st Cir. 1988).

SO ORDERED.

August 15, 2008

_____
Victor E. Bianchini
United States Magistrate Judge